Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

MIDDLE District of PENNSYLVANIA

HARRISBURG Division

BRALEN "BULBUA" LAMAR JORDAN
22702-009

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 4:19cv997

*(to be filled in by the Clerk's Office)*

United States Penitentiary Lewisburg, Northeastern Regional Office; Federal Bureau of Prison David J. Ebbert; Complex Warden; Regional Director J. Ray Ormond; Regional Counsel Darren Howard; Mr. Lammer, Associate Warden Operation; Mr. Colbert Associate Warden Program; Correctional Service Captain Knokles / Captain Rhodes; Dr. Enrik Mental Health Supervisor; Dr. Brockman, SMU Coordinator; Lewisburg Medical Staff P.A Ayers, Jessica, Clinical Director Andrew Edinger, Mr. Brown Health Service Administrator; LT Sawylor; C/O Crisswell; C/O B. Chappell, C/O J. Moyer, Nurse Salisbury

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Bralen "Bubbuz" Lamar Jordan

All other names by which you have been known: 22702-009

ID Number: UNITED STATES PENITENTIARY (LEWISBURG)

Current Institution: P.O. BOX 1000

Address: LEWISBURG, P.A. 17837

LEWISBURG | P.A. | 17837
City | State | Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: DAVID J. EBBERT

Job or Title *(if known)*: LEWISBURG COMPLEX WARDEN

Shield Number: (UNKNOWN)

Employer: United States Bureau of Prisons, United States PENITENTIARY LEWISBURG, NORTHEASTERN REGION

Address: 2400 ROBERT F. MILLER DRIVE

LEWISBURG | P.A. | 17837
City | State | Zip Code

☑ Individual capacity ☑ Official capacity

Defendant No. 2

Name: J. RAY ORMOND

Job or Title *(if known)*: NORTHEASTERN REGIONAL OFFICE, United States FEDERAL BUREAU OF PRISONS, REGIONAL DIRECTOR

Shield Number: (UNKNOWN)

Employer: ~~U.S. CUSTOM HOUSE - 7TH FLOOR~~

Address: 2ND AND Chestnut STREET

Philadelphia | P.A. | 19106
City | State | Zip Code

☑ Individual capacity ☑ Official capacity

Defendant No. 3

Name: DARRIN HOWARD

Job or Title *(if known)*: NORTHEASTERN REGIONAL OFFICE; REGIONAL COUNSELOR, United STATES FEDERAL OF BUREAU PRISONS;

Shield Number: (UNKNOWN)

Employer:

Address: U.S. CUSTOM HOUSE - 7TH FLOOR; 2ND & Chestnut Street,

Philadelphia (City) P.A. (State) 19106 (Zip Code)

☑ Individual capacity ☑ Official capacity

Defendant No. 4

Name: MR. LAMMER

Job or Title *(if known)*: Associate Warden (Operation); USP Lewisburg;

Shield Number: FEDERAL BUREAU OF PRISONS;

Employer: 2400 Robert F. Miller Drive

Address:

Lewisburg (City) P.A. (State) 17837 (Zip Code)

☑ Individual capacity ☑ Official capacity

(See Attached Defendant Continue)

## II. Basis for Jurisdiction (1-18 Defendants)

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

(DEFENDANT CONT)

UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANIA

*PRO Se 14 (Rev. 12/16) COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Prisoner)*

DEFENDANT No. 5

NAME: Mr. Knokles AND CAPTAIN Rhodes

Job OR Title: CORRECTIONAL Service Supervisor / Captains

EMPLOYER: United States Penitentary FEDERAL BUREAU of Prison (Lewisburg)

Address: 2400 Robert F. Miller Drive; Lewisburg; Pennsylvania, 17837. ☑ Individual Capacity ☑ official Capacity

DEFENDANT No. 6

Name: MR. LAMMER

Job OR Title: ASSOCIATE Warden (OPERATOR)

EMPLOYER: UNITED STATES PENITENTARY (LEWISBURG) FEDERAL BUREAU OF PRISONS

Address: 2400 Robert F. Miller Drive; Lewisburg, Pennsylvania, 17837. ☑ Individual Capacity ☑ official Capacity

DEFENDANT No. 7

NAME: DR. J. ENRIK

JOB OR TITLE: Chief Mental Health

EMPLOYER: United States Penitentary (Lewisburg) FEDERAL BUREAU OF PRISONS

ADDRESS: 2400 Robert F. Miller Drive; Lewisburg, Pennsylvania 17837. ☑ Individual CAPACITY ☑ official CAPACITY

DEFENDANT No. 8

NAME: DR. BROCKMAN

Job OR Title: SMU COORDINATOR (MENTAL HEALTH SERVICE)

EMPLOYER: United States Penitentary (Lewisburg) FEDERAL BUREAU OF PRISONS

ADDRESS: 2400 Robert F. Miller Drive; Lewisburg, PENNSYLVANIA, 17837. ☑ Individual CAPACITY ☑ official CAPACITY

DEFENDANT No. 9

Name: JESSICA AYERS

Job OR TITLE: PHYSICIAN (HEALTH SERVICE)

EMPLOYER: United States Penitentary (Lewisburg) FEDERAL BUREAU OF PRISONS

ADDRESS: 2400 Robert F. Miller Drive, Lewisburg, PENNSYLVANIA, 17837. ☑ Individual Capacity ☑ official Capacity

DEFENDANT No. 10

NAME: ANDREW ~~EDINGERING~~ EDINGER

Job OR TITLE: CLINICAL DIRECTOR (HEALTH SERVICE)

EMPLOYER: United States Penitentary (Lewisburg) FEDERAL BUREAU OF PRISONS

ADDRESS: 2400 Robert F. Miller Drive; Lewisburg; PENNSYLVANIA; 17837. ☑ Individual Capacity ☑ official CAPACITY

United States District Court (Defendant (Cont)
For The
Middle District of Pennsylvania

*Pro Se 14 (Rev 12/16) Complaint for Violation of Civil Rights (Prisoners)*

Defendant No. 11

Name: Mr. Brown
Job or Title: Administrator (Health Service)
Employer: United States Penitentary (Lewisburg) Federal Bureau of Prisons
Address: 2400 Robert F. Miller Drive; Lewisburg, Pennsylvania, 17837.
☑ Individual Capacity ☑ official Capacity

Defendant No. 12

Name: Mr. Sawyloe
Job or Title: Correctional Service (Tactical Operation) Supervisor for Officers
Employer: United States Penitentary (Lewisburg) Federal Bureau of Prisons
Address: 2400 Robert F. Miller Drive, Lewisburg, Pennsylvania, 17837.
☑ Individual Capacity ☑ official Capacity

Defendant No. 13

Name: Correctional Officer Crisswell
Job or Title: Officer
Employer: United States Penitentary/(Lewisburg) Federal Bureau of Prisons
Address: 2400 Robert F. Miller Drive, Lewisburg, Pennsylvania, 17837.
☑ Individual Capacity ☑ official Capacity

Defendant No. 14

Name: LT/Mr. R. Troutman
Job/Title: LT Correctional Services & Special Investigation Specialist
Employer: United States Penitentary (Lewisburg) Federal Bureau of Prisons
Address: 2400 Robert F. Miller Drive, Lewisburg; Pennsylvania, 17837
☑ Individual Capacity ☑ official Capacity

Defendant No. 15

Name: Mr. J. Diltz
Job/Title: Counselor / Housing Unit G-Block
Address: United States Penitentary (Lewisburg), Federal Bureau of Prisons
2400 Robert F. Miller Drive; Lewisburg, Pennsylvania. 17837
☑ Individual Capacity ☑ official Capacity

Defendant No. 16

Name: Mr. J. Moyer
Job/Title: Correctional Officer
Address: United States Penitentary (Lewisburg) Federal Bureau of Prisons
2400 Robert F. Miller Drive, Lewisburg, Pennsylvania 17837
☑ Individual Capacity ☑ official Capacity

IN UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLANIA

*Pro Se 14 (Rev 12/16) COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Prisoner)*

DEFENDANT NO. 17

Name: Mrs. Salisbury

Job or Title: R.N / EMP (HEALTH SERVICE)

EMPLOYER: United States Penitentary (Lewisburg) Federal Bureau of PRISONS

Address: 2400 Robeet F. Millee Driver; Lewisbueg, Pennsylvania 17837. ☑ INDIVIDUAL CAPACITY ☑ Official CAPACITY

DEFENDANT NO. 18

Name: Me. Potter

Job or title: R.N/EMP (Health Service)

EMPLOYER: United States Penitentary (Lewisburg) Federal Bureau of Prison

Address: 2400 Robert F. Miller Deive, Lewisburg, Pennsylvania 17837. ☑ INDIVIDUAL CAPACITY ☑ Official CAPACITY

DEFENDANT NO. 19

Name: Mr. B. Chappell

Job or Title: CORRECTIONAL OFFICER

Address: United States Penitentary (Lewisburg) FEDERAL Bureau of PRISON. 2400 Robert F. Miller Deive, Lewisburg, Pennsylvania 17837. ☑ INDIVIDUAL CAPACITY ☑ Official Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*PLEASE SEE ATTACH FOR FULL DETAILS. AS TO HOW EACH DEFENDANT ACTED UNDER COLOR OF FEDERAL LAW! (PAGES 1 OF 5)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [x] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

*(SEE ATTACHED DOCUMENT OF STATEMENT FULL DETAIL)* (PAGES 1 OF 5)

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

(SEE ATTACH)

*MAY 24, 2018 AT LEWISBURG; USP. HOUSING UNIT OF J-BLOCK 4-POINTED FOR 22 HOURS. ABUSE OF POWERS AS WELL AS BARBAROUS TREATMENT OF NEGLECTION. UNDER COLOR OF FEDERAL LAW & Retaliation!

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

(SECTION IV) STATEMENT OF CLAIM

(B) (See Attached Exhibits)

May 24, 2018, Housed at Lewisburg in G-Block. Under the unit team leadership of at the time; Mr. Dresslee, Unit Manager, Klosner, Case Manager, and Counselor J. Diltz. On 200 range house with Inmate Marquee Munerlyn #47736-048. We were pulled for random shakedown, and taken to the shower port area by C/O B. Chappell and C/O J. Moyer. Who is supervised by Senior officer Strout, while C/O Mr. Crisswell, and C/O Hackenburg. Who is correctional officers under the department of Correctional Services. Which at the time the captain/supervisor was captain Rhodes. Now it's Captain Knolles, and his boss is Associate Warden Lammer of operations. Whom Warden Ebbert is over the complex of Lewisburg. Random Shake down program falls under Associate Warden Colbert, and the Northeastern Region is under the leadership of the same warden. I had at USP McCreary that allowed abuse of powers of holding me in 4-Points for 60 hours in hard restraints. (See Exhibit 1A) Now on May 24, 2018 C/O B. Chappell abused his power by falsifing documentation after a knife was located in my celly and I living quater. During a shakedown. I have

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Section IV (continue)

(B) (SEE ATTACHED EXHIBITS)

No knowledge of the operation, of how things are going / how the program is suppose to go. Considering I just Arrived at this institution April 16, 2018. And targeted through the door due to past history things of filing grievances and upholding my right to exhaust my remedies. Not knowing at the time J. Ray Ormond is the Regional Director and retaliation through other officers from USP McCreary, and Lewisburg USP. I was wrongfully placed in 4-Point for 22 HOURS. Pending Captain Review which they said was 24 hours. Due to a officer saying I threaten him and I said nothing to him. However officer J. Moyer is the one that unsecured the hand Restraints on both my celly and I. Now LT. Sawylor comes to our housing area (Living quater). Tell both of us to cuff up and strip with the (tactical operation). Escort us to J-Block my celly and I over a planted weapon, and a threaten change a month after I arrived at this institution. While in 4-Point Nurse Salisbury check my restRAINTS. I inform her that I have trouble with my ankles the (R) ankle. I went in 4-Points at 12:05 pm

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Section IV (continue).

(B) (See ATTACHED EXHIBITS)

May 24, 2018 and Remained in them till May 26, 2018 in the same position arms strench out Above my head. In J-Block observation room. Now after 8 hours Regional is to be notified of whoever is in 4-Points. For Security purposes as well as other means. According to their policy, and Regional Director they honestally don't care about bureau of prisons policy as well as federal laws. That Keeps one from inhumane treatment, as well as torture. Shocking the conscience of the person that undergoes 22 hours or 70 hours. Pleasing Dr. Brockman SMU COORDINATOR, whose supervisor is DR. ENRIK. To entice an inmate as a mental study, and watch one suffer in 4-Points. Where the fact of the Matter is inmates are monitored 24/7 whether they are in 4-Points, or not. Mental health did not interven even when I'm a Mental health inmate take (PROZAC) / FLUOXetine HCI (60 mg). There department as well as Medical P.A Ayers neglected my statement of when I explain the pain in my shoulder. She Replied "I can't give you Nothing in 4-Points; but when you came up your shoulder is going

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA



Section IV (continue)

(B)(See ATTACHED EXHIBIT)

hurt like a bitch." On the 26 of May 2018 Correctional officers, and LT. C. Kowalchick. Release the Restraints from 4-Points bringing my arms from over my head quickly. Causing me to ask for medical they denied to take me to medical. Instead they took me to my living quater with my celly that under went Restraints for 19 hours. Neglect to provide me with medical treatment timely. My Shoulders was torn and the Mortin as well as anti-bacterial solution/cream for the blisters around my weist, etc. During Restraints they would ignore the blood on the hard hard hand Restraints. Saying "if You where some one I Know I would not mine letting you up". "We have kept people in 4-Point 2-3 weeks". Said LT. Troutman. Basically Saying "if you were the opposite Race (white) I have the power to let you up". The staff here is pretty much Racist against African American When it comes to punishment. They see torture and enticement. Nevertheless no one shall be subjected to torture, or to cruel, or degrading treatment, or deprived their of proper medical care. After they correctional service official have injuried my person (shoulders) by inflicting unjust punishment. Standing on slavery is on permitted as a punishment

United States District Court
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Section IV. STATEMENT OF CLAIM
(B) (See Attached Exhibits)

for crime when one have been convicted. Not just that but violating one's due process of the privileged to be treated with medical attention timely. After this I did not see a orthopaedic until 9/31/19. And did not get an X-Ray on the (R) arm shoulder. To this day still undergo problems with my shoulders due to again correctional service staff placing me again in 70 hours 4-Point JAN 19-20, 2019. Still same issue being deprived of treatment, from the damages that they have done. After filing grievances on Medical notifing Clinical Director DR. Andrew Edinger M.D. and Health Service Administrator MR. Brown. I'M dissatified with the denial of the tort claim, and etc. Therefore I have exhibits attached show proof that support my claims of statement this day.

Respectfully Submitted,
[signature]
BRALEN "Bubya" LAMAR Jordan
United States Penitentary Lewisburg
P.O. BOX 1000
Lewisburg, P.A. 17837

(SEE ATTACH) C. What date and approximate time did the events giving rise to your claim(s) occur?

MAY 24; 2018 AT 10:49AM CORRECTIONAL B. Chappell. USE ENTICEMENT FALSIFIED DOCUMENT. Abuse his Power by MANIPULATION A SITUATION OF EXERCISING HIS Power through LT. SAWYLOR (TACTICAL OPERATION TEAM), THAT I THREATENED HIM FROM BEHIND THE DOOR, WHEN OFFICER MOODY, WAS THE ONE WHO TOOK THE HAND RESTRAINTS OFF ME. HOWEVER LT. SAWYLOR PLACED IN 4-Point

(SEE EXHIBIT B) D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* (SEE ATTACH)

MAY 24, 2018 A WEAPON WAS FOUND IN MY CELL whom; I shared SPACED with MARQUEE MUNELYN 47736-048. CORRECTIONAL OFFICIAL Crisswell LOCATED IT. I ARRIVED TO LEWISBURG FOR SMU PROGRAM APRIL 16, 2018. Where WARDEN J.R. ORMOND; NORTHEASTERN REGIONAL DIRECTOR. OFFICER STROUT #1 OFFICER ATTEMPT TO INVESTIGATE AND QUESTION. OFFICER J. MOODY ESCORTED ME BACK TO THE CELL 200 RANGE G-BLOCK. C/O B. CHAPPELL FALSIFIED INCIDENT REPORT TO ME VIOLATION AN PROHIBIT ACT OF (THREATENING STAFF) - LT. SAWYLOR PULLED MY CELLY AND I OUT OF THE CELL PLACED ME IN 4-POINTS 22 hours AND CELLY 19 hours *(SEE EXHIBIT B1(1-3))*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(See Exhibits C1-3)

MAY 24; 2018 - MAY 26; 2018 UNDERGOING 4-POINTS FOR 22 hours I RECIEVED TORN MUSCLES IN MY (L+R Shoulder) MUSCLE group AREA; of Infraspinatus/Teres Minor, Subscapularis Pectoralis Major & MINOR; and Posterior deltoid. RECIEVED AN X-RAY 9-4-18 NOTES STATES a 3mm Subchondral CYSTIC change at the SUPERIOR articular surface of the distal Left clavicle was damage; and was a change IN THE Minimal osteoarthritis or osteolysis at the (L) acromioclavicular Joint (L) glenohumeral Joint is UNREMARKABLE. obtain an steroid injection only to (L) ARM NOT TO (R) ARM Shoulder NOR X-RAY NOR MRI. I still HAVE PROBLEM WITH MY Shoulders EVEN ON MELOXICAM MUSCLES STIMULATORS.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Due TO THE NEGLECTION AND REJECTION OF SENSITIVE ISSUES. DISCRIMINATING AGAINST ME DUE TO MY RACE. FALLING TO PROVIDE WITH MEDICAL ASSESMENT AFTER COMING UP FROM 4-POINTS. WITH CHRONIC CARE ISSUES OF Diabeties Asthma; Obstructive sleep Apnea; HYPERTENSION (HIGH BLOOD PRESSURE); EYE Astigma; HEART MUNNER; ETC. EVEN THOUGH MEDICAL KNEW THIS THEY FAILED TO CORRESPOND WITH CORRECTIONAL SERVICE. INSTEAD WATCHING ME HAVE AN ANXIETY ATTACKS AND SHARP CHEST PAINS. DEFENDANTS TERMINATED TOWARD VIOLATING FEDERAL LAW; AND FAILING TO INTERVEN; NOT IN THIS ISSUE AS WELL AS OTHER LEWISBURG have MADE MY HEALTH WORST AND STILL TO THIS I CAN NOT WORKOUT LIKE I USE TO; OR LIFT HEAVY THINGS. Outside Treatment is Require for THE DAMAGE THEY PLAINTIFFS Seeks 7,000,000.00. (See MEDICAL Exhibits Attached)

(SECTION IV RELIEF)
(EXHIBIT)

Externals:

OD | Normal | OS
Cornea
Iris
Conjunctiva
Lids
Pupil
Puncta
Angle

Lens: Grade: 1-mild 2-moderate 3-dense 4-very dense

OD | Normal / Sclerosing / Cataracts / Grade / Type / Surgery | OS

Aphakia — IOL Type | Aphakia — IOL Type

| Fundus: | C/DH | C/DV | HR | AS | A/V | Vit | Mac | Periphery |
|---|---|---|---|---|---|---|---|---|
| Diagnostics OD: | .3 | .3 | | | | | | |
| Direct OS: | .3 | .3 | | | | | | |
| Indirect | | | | | | | | |

Active / Non Active — General Age Atrophy, B.M.D., Choridal Atrophy, Drusen — Active / Non Active

Normal OD — Normal OS

Patient told of eye health condition OU ✓

Goldman Tonometry:

OD: 17

OS: 17

BP: R.A.

Perrla: OD ___ OS ___

EOM

| | VA s̄ Rx — O.U. | | VA c̄ Rx — O.U. | |
|---|---|---|---|---|
| Dist. | OD | | OD | |
| | OS | | OS | |
| Near | OD | | OD | |
| | OS | | OS | |
| OBJ: | OD | | | VA |
| | OS | | | VA |
| SUBJ: | OD | | | VA |
| | OS | | | VA |

PD 64 Add

AGE 25 DOB ___ NAME Jordan, Baler 22702-009

DATE 3/15/19 LOCATION G-316

Please check type of exam:

☒ RETINOPATHY EVAL: ☒ Clinically Insignificant ☐ Clinically Significant – Level ___

☒ Hypertension ☐ Diabetic ☐ Immunocompromised

☐ GLAUCOMA EVAL: ☐ Normal ☐ Not Normal

☐ IOP PRESSURE CHECK: ☐ Normal ☐ Not Normal

COMMENTS: Fluorescein eye drop

| DPA: | TROPIC | .25% | .5% | 1% |
|---|---|---|---|---|
| | PHENYL | 2.5% | 5% | 10% |

Confrontation Fields Normal

☐ CATARACT EVAL: ☐ Clinically Insignificant ☐ Clinically Significant – Level ___

☒ ROUTINE EYE EXAM: ☒ Myopia ☒ Astigmatism ☐ Hypermyopia ☐ Presbyopia

Patient education given and understood.

DOCTOR: ☐ DEROSE ☒ WEYAND

☐ FOLLOW UP ___ Months 2 Years

☐ NO FOLLOW UP NECESSARY

☐ CONSULT NEEDED

MEDICATION(S) PRESCRIBED/SPECIAL INSTRUCTIONS

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

UNITED STATES FEDERAL BUREAU OF PRISON, LEWISBURG PENITENTARY, SMU PROGRAM (SPECIAL MANAGEMENT UNIT). MAY 24; 2018 AT 10:49 A.M. I WAS HELD IN 4-POINTS FOR 22 HOURS, [illegible] MAY 25, 2018.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [x] Yes
- [ ] No
- [ ] Do not know

If yes, which claim(s)?

MEDICAL PARTIALLY PROVIDED TREATMENT TO MY SHOULDER (L) Side; BUT DIDN'T DO A MRI; AND X-RAY THE (R) Shoulder. IN which I STILL HAVE PROBLEMS WITH. WHICH THEY RE-INJURED IN 4-point for 70 HOURS

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance? ALL REJECTED MY GRIEVANCE / DENIED NORTHEASTERN REGIONAL OFFICE; FEDERAL BUREAU OF PRISONS (Central office) FEDERAL TORT CLAIM ACT # TRT-NER-2018-05660. COMPLAINTS ALL DENIED..

2. What did you claim in your grievance?

   MEDICAL TREATMENT ON BOTH ARMS/Shoulders (L)&(R) Shoulders; AND ALSO REQUEST FOR MRI X-RAY FOR BOTH Shoulders. $4,600.00

3. What was the result, if any?

   DENIED & REJECT

   (SEE Exhibit B)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   I APPEALED TO THE HIGHEST LEVEL IN THE FEDERAL BUREAU OF PRISONS CENTRAL OFFICE; AND HAD NO APPEAL RIGHT THE DENIAL. OTHER THEN GOING TO U.S. DISTRICT COURT AS STATED TORT CLAIM RESPONSE ATTACH TO DOCUMENTATIONS. *(SEE Administrative CLAIM# TRT-NER-2018-05660) * (SEE Exhibit E4)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

DOCUMENTATIONS ATTACHED TOWARDS SUPPORTING RELEVANT EVIDENCE TOWARDS PRESENTING: Additional INFORMATION. TO SUPPORT THE ATTEMPTS TO Administrative REMEDIES, ETC.,

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

- [x] Yes
- [ ] No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) BRALEN L. JORDAN ADC# 132832

   Defendant(s) ARKANSAS DEPT OF CORRECTION, JACKIE DAVIS CAPTAIN; etc

2. Court *(if federal court, name the district; if state court, name the county and State)*

   U.S. District Court of EASTERN DISTRICT OF ARKANSAS 8th DISTRICT (2008)

3. Docket or index number

   UNKNOWN

4. Name of Judge assigned to your case

   JUDGE MOODY

5. Approximate date of filing lawsuit

   UNKNOWN

6. Is the case still pending?

   - [ ] Yes
   - [x] No

   If no, give the approximate date of disposition. DISMISSED WITH PREJUDICE

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   EXCESSIVE FORCE CLAIM BEING CARRIED BY LEG SHACKLES; AND BELLY CHAIN. AFTER PASSING OUT IN THE HALLWAY BE ESCORTED SPEACIAL HOUSE UNIT. (ARKANSAS DISTRICT U.S. 8TH DISTRICT) DISMISSED

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

YES; FEDERAL TORT CLAIM ACT OF UNITED STATES PENITENTIARY, LEWISBURG (SMU). ABUSE / BARBAROUS TREATMENT OF 4-POINTING ME 70 hours. TRT-NER-2019-01945; FILED FEBRUARY 1, 2019.

(See Exhibit D)

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Ø

   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Ø

3. Docket or index number

   Ø

4. Name of Judge assigned to your case

   Ø

5. Approximate date of filing lawsuit

   Ø

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition Ø

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Ø

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5-31-19

Signature of Plaintiff: Bralen "Bubba" Lamar Jordan

Printed Name of Plaintiff: BRALEN "Bubba" LAMAR Jordan

Prison Identification #: 22702-009

Prison Address: P.O. BOX 1000

LEWISBURG (City) P.A. (State) 17837 (Zip Code)

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City State Zip Code

Telephone Number

E-mail Address

(EXHIBITS 1A)

*Abuse of Excessive Force For 60 hours 4-Points*

*USP McCreary* Abuse of Powers

*(Exhibit A)* *As to First letter I wrote concerning McCreary having me in restraints for 60 hour JAN 6-12, 2011 from Ambulatory restraint to 4 Points.*

BRALEN LAMAR JORDAN, 22702-009
LEWISBURG USP UNT: G-BLOCK QTR: G02-222L
2400 ROBERT F. MILLER DRIVE
LEWISBURG, PA 17837

*U.S.P McCreary
With Warden J. Ray Ormond
In Restraints for 60 Hours.*

| Abuse of Powers<br>Excessive Force | McCreary, USP<br>Warden J. Ray Ormond<br>Northeast Region Director |
|---|---|

RECEIVED
Warden's Office
AUG 13 2018
USP Lewisburg

* JAN 6 - JAN 12, 2018 60 hours in Restraints from Ambulatory hard Restraints to 4 Points. Using Behavior Modification to Abuse their Powers. Even with blisters on my wrist, and a permate scar on both wrist (L) and (R). *

(Please [illegible])

Abuse of Powers 60 hours IN 4-Points Deliberate indifference

* USP McCreary * Abuse Powers 60 hours Restraint From Ambulatory to 4 Point. JAN 6-12, 2018 *

## REGIONAL ADMINISTRATIVE REMEDY APPEAL
### Part B - Response

**Date Filed: April 2, 2018** **Remedy ID No.: 935750-R1**

You appeal the Discipline Hearing Officer's (DHO) decision of January 23, 2018, for Assaulting Any Person (Code 224). You claim you did not commit the prohibited act and the DHO's decision was based on insufficient evidence. You claim the incident report contains false information. You also claim a review of video evidence would exonerate you. You request the incident report be expunged. 1-9-08 cell 146 observance cell (Dry Cell USP McCreary)

Program Statement 5270.09, Inmate Discipline Program, provides the DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. The DHO found that you committed the prohibited act based on the evidence provided, which included the reporting staff member's personal account of the incident, as it was depicted in Section 11 of the incident report. It was noted you chose to exercise your right to remain silent at the DHO and did not present a defense to the charge against you. Additionally, you did not present any documentary evidence for consideration. The DHO accurately and adequately explained to you in Section V of the DHO report the specific evidence relied on to find you committed the prohibited act.

You do not provide, nor do we find, any evidence the incident report was falsified.

A review of the discipline record indicates you did not request for video evidence to be reviewed at any stage of the discipline process.

The required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense.

Your appeal is denied. If you are not satisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 days of the date of this response.

MAY 15 2018
Date

Angela P. Dunbar
Regional Director
Mid-Atlantic Region

Handwritten annotations: Due falsified documentation & Abuse of Powers As well as barbarous excessive punishment 8th Amendment. As to Section II & Section V. Staff Memo verse Camera Dry Cell and C-1 Range Camera. Abuse of Powers + Retaliation. How when I'm in Dry Cell House in SHU. I didn't appear or Refuse. See Staff Mem Signed Statement Indicating Jordan's Refusal. eye witnesses NOT Camera's. V. Specific Evidence Relied on to Support Findings: SHU Lock Book, Cell Restraint Medical Report, Camera Observation. Besides they wouldn't Provide me with document on Request. Incident Report states Leg Restraints Check to I/M Lowe (R) appendage & stated that I kicked him w/ the same leg that he has control of the (R) ARM. I indicated in Appeal. discipline process was deprived of my right. Section III (D) Consideration of Documentary Evidence: Memorandums - 1-09-2018 (1) J. Wilson & (1) Brown. Both States the same account according to Regional Director & Staff that they attest that T. Kick. LT. Storgkill in/with the same Leg that he had control of the (R) according to Section V written. Due process law to have a fair hearing and to be present as well to cross examine evidence etc. That is I'm respectfully appealing Barbarous Sanctions [illegible]

Exhibit 3A



...ent of Justice

...eau of Prisons RE: Barbarous Abuse of Powers & Sanction From DHO or Bias Regard to Inmates Right: (USP McCreary)

## Central Office Administrative Remedy Appeal

...or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attach...ents must be submitted with this appeal.

From: JORDAN, Bralen L (LAST NAME, FIRST, MIDDLE INITIAL) 22702-009 (REG. NO.) SHU/SMU (UNIT) MCR/LEW (INSTITUTION)

**Part A - REASON FOR APPEAL** I'm respectfully appealing the Regional Director response to my administrative remedy as to my DHO Appeal; and his/her decission as well as response. Which is as followed: Failed to look into Section V thoroughly as to specific evidence relied on to support findings: Where the DHO officer, Regional Director and staff all found the greater weight of LT. Sturghill attesting that I inmate Jordan 22702-009. Assaulted him while in hard ambulatory restraints. These officers and LT (LT. Sturghill) attest in Section V: that (LT. Sturghill) attempted to check the leg restraints on inmate Jordan's Lower (L) appendage while he had control of inmate (L) appendage. Thereafter its said that inmate Jordan kicked (LT. Sturghill) with his Lower (L) appendage striking LT. Sturghill in the (R) arm. During that times (LT. Sturghill) moved me (Inmate Jordan) from hard ambulatory restraints that I been in since Jan ... 2018. Back to hard four point restraints (See SHU Restraint Log Book). Where I obtain blisters and lacteration to both wrist as well as legs that's permanate. However all of this corruption and abuse of powers was conducted in the observation cell 146 at U.S.P McCreary where a camera monitor that record that cell 24 hours. While this investigation is going on as to a assault. I was never issued notification within 24 hours that LT. Sturghill filed a (224 Minor Assault) and that it was being sented to the FBI ...e possible prosecution. Which brings me to the conflicting of evidence where Mrs. Angela P. Dunbar Regional Director fail to/overlook where DHO officer Clint Hurley stating in writting in Section V: "The DHO finds (ou) committed Prohibited code 224 on April 18, 2017 @ Appr... 6:30 PM which is 18:30 military time. Which this totally goes against the incident report attest to written by LT. Sturghill on January 9, 2018 approximately 23:05. As well as to the (2) correctional officers Documentary Evidence in Section III (D) where they also attest that Jan 9, 2018 @ 23:05 an assault took place according to/concurring with LT. Sturghill confirming falsely that they observed (Inmate Jordan 22702-009) strike LT. Sturghill in the (R) arm. When this (LT) had control of my (L) appendage which if demonstrated would show that this is impossible. As well as abuse of powers and get away wi...t by totally knowing DHO will take the greater weight of the officer/staff without investigating the issue. Therefore I request the incident report be expunged and sanction be restored.

Thanks;

5-23-18
DATE

[signature]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

1-23-18
224

RECEIVED
MAY 30 2018
Administrative Remedy Section
Federal Bureau of Prisons

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 935750-A1

**Part C - RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

(Exhibit 3A) Abuse of Powers Excessive Force 60 Hours in Restraints (Exhibit B) Central Office Response to Abuse of Power Incident Report & Assault while in Ambulatory Restraints Back to 4 Point. 60 Hours Jan 6-12, 2018.

**Administrative Remedy No. 935750-A1**
**Part B - Response**

You appeal the January 23, 2018, decision of the Discipline Hearing Officer (DHO) regarding the rehearing of incident report #3075932, wherein you were found to have committed the prohibited act of Assaulting without Serious Injury, Code 224. It is your contention you were restrained and the staff member had control over your appendage; therefore, you could not have assaulted anyone. For relief, you request the incident report be expunged and restoration of sanctions taken.

Our review of the disciplinary proceedings indicates compliance with Program Statement 5270.09, Inmate Discipline Program, and we concur with the response provided by the Regional Director. The DHO's decision was based upon the evidence detailed in Section V of the DHO report. We find the determination of the DHO is reasonable and supported by the evidence. Your Due Process rights were upheld during the discipline process. The sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy.

Accordingly, your appeal is denied.

8/1/18
Date

Ian Connors, Administrator
National Inmate Appeals

(Exhibit B)

BP-A0288
JAN 17

U.S. DEPARTMENT OF JUSTICE

INCIDENT REPORT

DHO APPEAL
* TO CENTRAL
937347-A1

FEDERAL BUREAU OF PRISONS

## Part I - Incident Report

| 1. Institution: USP Lewisburg | | Incident Report Number: | |
|---|---|---|---|
| 2. Inmate's Name: Jordan, Bralen | 3. Register Number: 22702-009 | 4. Date of Incident: 5/24/2018 | 5. Time: 10:49am |
| 6. Place of Incident: G-block cell #222 | 7. Assignment: unassigned | | 8. Unit:: Dressler |
| 9. Incident: Threatening any person with bodily harm | 10. Prohibited Act Code(s): 203 | | |

11. Description of Incident (Date: 05/24/2018 Time: 10:49 am Staff became aware of incident):

On May 24, 2018 at approximately 10:49am, I was removing the hand restraints from inmate Jordan, Bralen #22702-009, after having placed him back into the cell following a random shakedown. Also in the cell at that time was inmate Munerlyn, Marquee #47736-048. After the hand restraints were removed and the feeding slot was secured inmate Jordan turned towards the door and threatened me by stating, "You think that one was nice, wait til you see the other one I got for your bitch ass. I'll gut you like a fucking fish, faggot motherfucker." A sharpened metal weapon had just been confiscated on the aforementioned shakedown.

| 12. Typed Name/Signature of Reporting Employee: B. Chappell S.O. B. Chappell | 13. Date And Time: 05/24/2018 11:22am |
|---|---|

| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): C. Glowalchick / C.M. | 15. Date Incident Report Delivered: 5-24-18 | 16. Time Incident Report Delivered: 1400 |
|---|---|---|

## Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

Abuse of Powers
Falsified Document
To Inflict Punishment

I ARRIVED APRIL 16, 2018..

18. A. It is the finding of the committee that you:

____ Committed the Prohibited Act as charged.
____ Did not Commit a Prohibited Act.
____ Committed Prohibited Act Code(s). ________ ________

B. ____ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. ____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action: ________________ (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

Chairman (Typed Name/Signature) ________ Member (Typed Name) ________ Member (Typed Name) ________

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

(Exhibit B1) 

U.S. Department of Justice 

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Jordan; Bralen; L — 22702-009 — SMU — LEW
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

Part A - REASON FOR APPEAL Due to the fact that every issue I bring before the regional office whether it's Mid ATLANTIC REGIONAL OFFICE OR NORTHEAST REGIONAL OFFICE. A REMEDY CAN NOT BE RESOLVED, they ARE CONSTANTLY Rejecting MY APPEALS AND COMPLAINT AS A LACK OF RESPONSE BASICALLY Neglecting to Respond As the "DEEMING PROVISIONS" 28 USC § 2675(a). AGAIN where the response would be (REJECTION NOTICE) - As if they are allowing abuse of Powers from FEDERAL BUREAU of PRISON Employee acting Under the color of FEDERAL LAW AND Statue. As to (28 USC § 1331). When their whole Purpose AS AN officer in his duty is to keep Prisoner safe and Protect them from "Unreasonable Risk" not falsify Documentation because they have the Power to do so. Correctional OFFICER Chappell USING Correctional officer J. Moyer to co-Sign falsified documentation. I've had on going issues with Mid-Atlantic, and now I'm having the same issue out of Northeast Regional Neglecting to Resolve my issue of Complaint/APPEALS stating THAT MY BP10 was Rejected due to ALL (4) Pages WAS NOT LEGIBLE. Which this REJECTION NOTICE WILL SHOW THAT ALL (4) PAGES OF THE BP10 is LEGIBLE. AND WORDED THE SAME AS ALL OTHER PAGES ON THE BP10. This is the whole Reason why I'm in endanger of High Volume of target ON MY Safety and wellbeing from Staff of B.O.P. AND INMATES. Where THREAT were IMPOSED ON MY Life. As well as APPEAL AND Sensitive where Rejected/Overlooked in attempt to discourage one to uphold their Right toward filing through the Administrative Remedy Procedure. Therefore I'm seeking for central office to investigate this matter and Expunge this OFF MY RECORD AS TO OFFICIAL OF CORRECTIONAL Service AT LEWISBURG Lying ON OFFICIAL Document Abusing his Power/Authority forcing Me to Go UNDER 4 Point Restraints FOR 22 hours, 1320 minutes and 15,840 seconds. FOR A 24 hour CAPTAIN Review FOR A OFFICER Writting A false incident Report #3127753
Thanks

6-18-2018 — [signature]
DATE — SIGNATURE OF REQUESTER

Part B - RESPONSE

RECEIVED
JUN 26 2018
Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED
AUG 03 2018
Administrative Remedy Section
Federal Bureau of Prisons

DATE — GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE — CASE NUMBER: 943429-A1

Part C - RECEIPT — CASE NUMBER: 943429-A2

Return to:
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:




REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 13, 2018

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTHEAST REGIONAL OFFICE

TO : BRALEN LAMAR JORDAN, 22702-009
LEWISBURG USP UNT: G-BLOCK QTR: G02-219U
2400 ROBERT F. MILLER DRIVE
LEWISBURG, PA 17837

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 943429-R1 REGIONAL APPEAL
DATE RECEIVED : JUNE 11, 2018
SUBJECT 1 : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2 :
INCIDENT RPT NO: 3127753

REJECT REASON 1: ALL FOUR PAGES OF YOUR (BP-9) (BP-10) (BP-11) FORM MUST BE LEGIBLE AND WORDED THE SAME. PHOTOCOPIES OF THE FORM WILL NOT BE ACCEPTED.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS : PAGE 4 OF THE BP10 IS NOT LEGIBLE.

*4 page is Legible and words Are the SAME. Rejection/Denied* Lack of Response (28 USC § 2615(a))*



*Injuries Caused Due to Abuse of Powers * 22 hours 4 Point Arms Over Head.

Section V. 1983 INJURY (Exhibit C) (Hard Restraint)

OVERVIEW OF THE SHOULDER

Prepared for: Jordan, B. #22702-009 6-220

Prepared by: Health Services

*VIOLATION 8th Amendment (Key v. McKinney 176 F.3d 1083 (8th Cir. 1999)

# Home Exercise Program for Shoulder Conditioning

- When performing the stretching exercises, you should stretch slowly to the limit of motion, taking care to avoid pain. If you experience pain with the exercises, call your doctor.
- For the exercises that use a stick, you may use a yardstick or stick of similar size.

4 Point 22 hours Damage Muscle May 24, 2018

## Strengthening and Stretching Exercises for the Shoulder

| Exercise | Muscle Group | Number of Repetitions/Sets | Number of Days per Week |
|---|---|---|---|
| Strengthening | | | |
| External rotation | Infraspinatus, Teres minor | 8 repetitions/3 sets, progressing to 12 repetitions/3 sets | 3 |
| Standing row | Middle trapezius, Rhomboid | 8 repetitions/3 sets, progressing to 12 repetitions/3 sets | 3 |
| [redacted] | [redacted] | [redacted] | 3 |
| [redacted] | [redacted] | [redacted] | 3 |
| [redacted] | [redacted] | [redacted] | 3 |
| [redacted] | [redacted] | [redacted] | 3 |
| [redacted] | [redacted] | [redacted] | 3 |
| [redacted] | [redacted] | [redacted] | 5 to 6 |
| Passive internal rotation | Subscapularis, Pectoralis major and minor | 4 sets | 5 to 6 |
| Passive external rotation | Infraspinatus, Teres minor | 4 sets | 5 to 6 |
| Crossover arm stretch | Posterior deltoid | 4 sets | 5 to 6 |

Damage Muscle group of torn Shoulder 22 hours 4-Point May 24, 2018

INJURIES INJURIES

Discomfort

*This Exhibit Shows the Muscle Group Area; That's Shows/Produce the Most Discomfort & Pain. Due to The Simple Exercises. This Is How I'm Able To Locate The Damage Muscles. 6 out of 5 That I can not Do with ease and 5 I can Do easily. (See Exhibit 251-255)*

*TORN MUSCLE*

© 2010 AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS

## Strengthening Exercises

*External Rotation*

- Make a 3-foot-long loop with the elastic band and tie the ends together. Attach the loop to a doorknob or other stable object.
- Standing with your side to the wall, hold the loop, as shown in the start position.
- Keeping your elbow close to your side, rotate the arm outward slowly and then slowly return to the start position.
- Repeat on the other side.
- Perform 3 sets of 8 repetitions, progressing to 3 sets of 12 repetitions, 3 days per week.






*Standing Row*

- Make a 3-foot-long loop with the elastic band and tie the ends together. Attach the loop to a doorknob or other stable object.
- Standing facing the wall, hold the loop as shown in the start position.
- Keeping your arm close to your side, slowly pull the arm straight back and then slowly return to the start position.
- Repeat on the other side.
- Perform 3 sets of 8 repetitions, progressing to 3 sets of 12 repetitions, 3 days per week.




© 2010 AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS








*Passive Internal Rotation*

- Behind your back, grasp the stick with one hand and lightly grasp the other end of the stick with the other hand.
- Pull the stick horizontally as shown so that the arm is passively stretched to the point of feeling a pull without pain.
- Hold for 30 seconds and then relax for 30 seconds.
- Repeat on the other side.
- Perform 4 sets, 5 to 6 days per week.




*Crossover Arm Stretch*

- Gently pull the elbow of one arm across the chest as far as possible without feeling pain.
- Hold the stretch for 30 seconds and then relax for 30 seconds.
- Repeat on the other side.
- Perform 4 sets, 5 to 6 days per week.



© 2010 AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS

*External Rotation With Arm Abducted 90°*

- Make a 3-foot-long loop with the elastic band and tie the ends together. Attach the loop to a doorknob or other stable object.
- Standing facing the wall, hold the loop as shown in the start position, with the arm held straight out from the shoulder and the elbow bent 90°.
- Keeping the shoulder and elbow level, slowly rotate the hand up from the elbow, and then slowly return to the start position.
- Perform 3 sets of 8 repetitions, progressing to 3 sets of 12 repetitions, 3 days per week.



## Stretching Exercises

*Pendulum*

- Lean forward, supporting the body with one arm and relaxing the muscles of the other arm so that it hangs freely.
- Gently move the arm in forward-and-back, side-to-side, and circular motions.
- Repeat on the other side.
- Perform 2 sets of 10 repetitions, progressing to 3 sets of 15 repetitions, 5 to 6 days per week.



*Passive External Rotation*

- Grasp the stick with one hand and cup the other end of the stick with the other hand.
- Push the stick horizontally as shown, keeping the elbow against the side of the body so that the arm is passively stretched to the point of feeling a pull without pain.
- Hold for 30 seconds and then relax for 30 seconds.
- Repeat on the other side.
- Perform 4 sets, 5 to 6 days per week.




© 2010 AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS

(Exhibit B)

*ABUSE OF POWERS OF FORCE TO 4-POINT*

U.S. Department of Justice

LEWISBURG SMU

Federal Bureau of Prisons

Northeast Regional Office

4-Pointed 68 hours

U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA 19106

February 1, 2019

1-19-19 to 1-20-19

Bralen Jordan, Reg. No. 22702-009
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

ROUND UP TO: JAN 19-20, 2019 (70 hours) 4-Points over "Peanut Butter" My Tampering with My Food..

Re: Administrative Claim Received January 25, 2019
Claim No. TRT-NER-2019-01945

Dear Mr. Jordan:

This will acknowledge receipt of your administrative claim for an alleged loss of personal property or personal injury at USP Lewisburg.

Under the provisions of the applicable federal statutes, we have **six months from the date of receipt** to review, consider, and adjudicate your claim.

All correspondence regarding this claim should be addressed to Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106. If the circumstances surrounding this claim change in any fashion, you should contact this office immediately. Also, should your address change, you should contact this office in writing accordingly.

Sincerely,

Darrin Howard
Regional Counsel

*THE 2nd TORT CLAIM I FILED WITH THE BUREAU OF PRISON. FOR RE-INJURING MY ARMS (Shoulders) CAUSING ME TO GO INTO A Diabetic SUGAR Attack. WHERE I WAS IN 4-POINTS (HARD Restraints) FOR 70 HOURS ROUND UP FROM 68 HOURS (ARMS ABOVE MY HEAD)*

(22 hours 4-Points Arms above my Head Violation 8th Amend

Exhibit E

KEY V. MCKINNEY, 176 F.3d 1083 (8th Cir 1999)

U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

FARMER v. Brennan 511 U.S. 825, 834, 114 S.Ct 1970; 128 L.Ed 2d 811 (1994) (quoting Wilson 501 U.S [302-303])

*Via Certified and Return Receipt Mail*

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

February 8, 2019

Mr. Bralen Jordan, Reg. No. 22702-009
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

RE: Administrative Claim No. TRT-NER-2018-05660

Dear Mr. Jordan:

Your Administrative Claim No. TRT-NER-2018-05660, properly received on June 25, 2018, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. Damages are sought in the amount of $4,000.00, for an alleged personal injury. Specifically, you allege on May 24 and June — Lie 20, 2018, you sustained personal injuries at USP Lewisburg. Specifically, you allege you were placed in four-point restraints for over 22 hours by staff who knew you had a history of shoulder injuries dating back to your assignment to USP McCreary.

A review of your medical record revels there are no documented clinical encounters or shoulder x-rays to support your allegation you a history of shoulder injury from USP McCreary. On May 24, 2018, you were examined by medical staff after a calculated use of force was exercised for an incident in which you threatened staff. You were moved to a different cell, and four-point restraints were applied. You denied any injuries and had no medical complaints during the initial four-point restraint examination. The restraints did not compromise airway, breathing or circulation, and your vital signs were within normal limits. You had good circulation below the restraints. On May 24, 2018 at 4:00 pm, a wellness check was conducted. You verbalized no medical complaints. Good distal pulses were observed in all extremities. A two-hour restraint check was conducted at 6:00 pm. on May 24, 2018. You had no complaints and gave no statements. The restraints did not compromise airway, breathing or circulation. You had palpable distal pulses in each of your extremities. A wellness check was performed at 10:00 pm on May 24, 2018. You were in no acute distress. You complained of left shoulder pain. It was observed you were continually pulling against the restraints.

TRT-NER-2018-05660
Bralen Jordan, Reg. No. 22702-009
Letter Dated February 8, 2019
Page Two

You were instructed to avoid manipulating the restraints to avoid injury to your shoulder. During an examination of your left shoulder, no trauma, erythema, ecchymosis, edema or deformity was observed. You denied decreased sensation, numbness or tingling. You were able to move your fingers and toes without difficulty. On May 25, 2018, at 6:01 am, you stated your shoulders hurt. Your restraints were checked. Your vital signs were normal. You were educated not to manipulate your restraints. During a wellness check on May 25, 2018, at 8:00 am, you verbalized no medical complaints. Your distal pulses were good. On May 26, 2018, during the morning pill line, you were released from four-point restraints. You stated you had a dull ache in your shoulders with a pain level of five on a scale of one to ten. During an examination, you had full range of motion in both shoulders, and you were issued Ibuprofen. You were evaluated numerous times by medical staff and prescribed pain medication and strengthening exercises. On October 3, 2018, you were evaluated by the orthopedic surgeon for continued left shoulder pain. Your x-rays were reviewed and your evaluation was consistent with tendonitis. You were prescribed Meloxicam two times a day and a steroid injection was administered for pain. There is no evidence you experienced a compensable injury as the result of negligence on the part of a Bureau of Prisons employee. Accordingly, your claim is denied.

If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

Sincerely,

Darrin Howard
Regional Counsel

cc: David J. Ebbert, Warden, USP Lewisburg

*SEE ATTACH FOR AREA OF Muscle THAT WERE DAMAGE AND Still have Problems to this day. WITH MY Shoulder being TORN.*
(Exhibit C)(C¹-C³)
*SECTION V. INJURY*

Inmate Name: Bralen Jordan
Register Number: 22702-009
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

0 3 JUN 2019

RECEIVED
SCRANTON
JUN 10 2019
PER ___ DEPUTY CLERK

"LEGAL MAIL"